**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

GYRONNE BUCKLEY

                                                            PETITIONER

vs.                                     5:08 CV00157 JLH/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J.

Leon Holmes. Any party may serve and file written objections to this recommendation. Objections

should be specific and should include the factual or legal basis for the objection. If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection. An original and one copy of your objections must be received in the office of the United

States District Clerk no later than fourteen (14) days from the date of the findings and

recommendations. The copy will be furnished to the opposing party. Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before
            the United States District Judge was not offered at the hearing
            before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other
       evidence (including copies of any documents) desired to be
       introduced at the requested hearing before the United States
       District Judge.

From this submission, the United States District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is Petitioner's Motion for Leave to Supplement his Federal Habeas

Petition to include "newly-discovered exculpatory evidence," which is a pretrial videotaped

statement given by a key witness, Corey Livsey ("Livsey"), who testified against Petitioner at his

trial. (Docket entry #16, #20). The videotape was not made available to Petitioner at his trial or

throughout his state court appeals, and was only produced by the Respondent as a result of this

Court's order dated February 19, 2009. *(Docket entry #16).*

In his Motion, Petitioner requests that the Court: (1) review the videotape; (2) order expert

assistance to enhance the audio portion of the tape; (3) grant Petitioner leave to supplement his

Petition; (4) order an evidentiary hearing; (5) consider the cumulative effect of the state's failure to

disclose the videotape to Petitioner's counsel at trial; and (6) make a finding on the impeachment

value of the videotape or, alternatively, find that the cumulative effect of non-disclosure establishes

a *Brady/Kyles* violation.

Before addressing the merits of this Motion, the Court will review the relevant procedural

history giving rise to Petitioner's habeas claims.

## II.  Procedural History

In 1999, Petitioner was convicted in Clark County Circuit Court of two counts of delivery of a controlled substance.  He was sentenced to two consecutive life terms.  (Docket entry #2). Livsey, a confidential informant, was the State's primary witness at trial.  He testified about the controlled drug buys he made from Petitioner.  (Docket entry #16).

While Petitioner's conviction was affirmed on direct appeal by the Arkansas Supreme Court, it found errors that required Petitioner to be resentenced. *Buckley v. State,* 341 Ark. 864, 20 S.W.3d 331 (2000).  At his resentencing, Petitioner received two terms of 336 months' imprisonment, which were ordered to be served consecutively.  (Docket entry #2).  Petitioner appealed his new sentence, but the Arkansas Supreme Court affirmed. *Buckley v. State,* 349 Ark. 53, 76 S.W.3d 825 (2002). Petitioner's subsequent petition for a writ of certiorari to the United States Supreme Court was denied. *Buckley v. Arkansas,* 537 U.S. 1058 (2002).

Petitioner filed a Rule 37 Motion in state court raising numerous claims of ineffective assistance of counsel and misconduct by law enforcement officers.  (Docket entry #16).  During the evidentiary hearing on the Rule 37 Motion, Linda Card ("Card"), a Drug Task Force investigator, admitted on cross-examination that another investigator conducted a videotaped interview with Livsey some time after the drug buys from Petitioner, but *before* his trial. *Id.*  This was Petitioner's first notice that law enforcement officers had conducted such a videotaped interview with Livsey. (Docket entry # 8).

The trial court denied Petitioner's Rule 37 Motion and the Arkansas Supreme Court affirmed. *Buckley v. State,* CR 06-172 (Ark. May 24, 2007)(per curiam).

Several months later, Petitioner filed a petition for writ of *error coram nobis* with the Arkansas Supreme Court. *Buckley v. State*, 2007 WL 2955980, *1 (Ark. Oct. 11, 2007) (unpublished decision). He argued, among other things, that the State had knowingly suppressed the videotaped interview of Livsey and that this constituted a *Brady* violation.[1] *Id.; see also, Brady v. Maryland,* 737 U.S. 83 (1963). Importantly, at the time his petition for writ of *error coram nobis* was considered by the Arkansas Supreme Court, he still had not received a copy of the videotape.

The Court, in denying the petition, held that Petitioner had failed to meet his threshold burden of establishing a meritorious *Brady* claim:

> In his third claim, petitioner asserts that the State suppressed a videotaped statement made by the informant. Officer Card testified during the hearing on remand in petitioner's Rule 37.1 proceeding that she had videotaped a statement by Corey Livsey. That videotape was not made available to petitioner before trial, and petitioner avers that the videotape has not yet been produced, despite repeated requests. While Officer Card testified that she did not believe that the tape included any exculpatory material, the prosecutor had not been provided a copy in order to make any assessment.

> * * *

> Because petitioner cannot show, at this time, that any exculpatory evidence was suppressed, he can not make the required showing that his claim is meritorious. Until petitioner can point to specific exculpatory evidence in the videotape, petitioner cannot make a showing as to how the disclosure of any evidence could have prevented rendition of the judgment of conviction. We cannot say that he has as yet stated facts so as to justify reinvesting jurisdiction in the trial court to consider a petition for writ of error coram nobis on this claim.

---

[1]In support of this claim, Petitioner filed an affidavit from Patrick Benca, his lawyer at the Rule 37 hearing. (Docket entry #2, Ex. D.) According to this affidavit, sometime after the conclusion of the Rule 37 hearing, Caran Curry, someone Mr. Benca identified as "working at the Clark County Prosecuting Attorney's Office," contacted his office and said that the Livsey videotape had been located. According to Mr. Benca, he contacted the prosecuting attorney's office and made "several requests for this videotape," but "I have never received a copy of this videotape." (Docket entry #16).

4

*Id.* at *4.

On May 23, 2008, Petitioner initiated this federal habeas action. Among his twelve claims, Petitioner raised the *Brady* violation that was the subject of the *error coram nobis* proceeding before the Arkansas Supreme Court. (Docket entry # 2). Subsequently, he filed a Motion for Production of Physical Evidence requesting that Respondent provide him with a copy of the videotape. (Docket entry #8). On February 19, 2009, the Court granted Petitioner's Motion for Production of Physical Evidence and, Respondent later provided Petitioner with a DVD of Livsey's videotaped interview. (Docket entry #8).

In the pending Motion for Leave to Supplement, Petitioner argues that the videotape contains a significant number of points that could have been used for impeachment purposes during Livsey's testimony at trial. (Docket entry #20). Petitioner cites no less than 38 discrepancies between Livsey's statements during his interview and the statements he made at trial and at Petitioner's resentencing. *Id.*

Respondent argues that, because Petitioner did *not* have the videotape at the time of the state *error coram nobis* proceeding (which was the basis for the Court's decision to deny the writ), he now is in a position to file a new petition for writ of *error coram nobis* and properly exhaust his state remedies as required by 28 U.S.C. § 2254(b) and (c). (Docket entry #21). Thus, Respondent contends that Petitioner must return to state court so that his *Brady* claim can be decided on the merits. *Id.*

In his Reply, Petitioner argues that he should not have to exhaust the *Brady* claim in state court because: (1) the state expressly waived the exhaustion requirement**;** (2) the state does not have

good cause for arguing dismissal; and (3) remand for exhaustion would be improper. Alternatively, Petitioner argues that, if he is required to return to state court and file a petition for writ of *error coram nobis*, this case should be held in abeyance, and not dismissed. (Docket entry #22).

For the reasons discussed below, the Court recommends that Petitioner be granted leave to supplement his pending habeas petition to include arguments or information arising from or contained in the videotape, but that all other relief requested in the Motion be denied. The *Brady* claim should be dismissed so that Petitioner can exhaust this claim in state court. However, a stay should be entered in this case until a final decision is rendered by the Arkansas Supreme Court on Petitioner's unexhausted *Brady* claim.

### III. Discussion

A.   *Federal comity requires that a petitioner must exhaust all federal habeas claims in state court*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner must exhaust his available state-court remedies as a prerequisite to filing a federal habeas action. *See* 28 U.S.C. § 2254(b)(1)(A). As a matter of comity, a federal court should not review a habeas claim by a state prisoner until the state courts have had an opportunity to review the claim and correct any error. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). The requirement of exhaustion of remedies is satisfied if the petitioner has "fairly presented" his claims to the state court;[2] thereby preserving those claims for federal review by affording the state court "a fair opportunity to rule on the factual and theoretical substance of [the] claim." *Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th Cir.1995).

―――――――――――

[2]  See *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997)(citations omitted)( "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts.").

"The question of exhaustion 'refers only to remedies still available at the time of the federal petition;' it requires federal courts to ask whether an applicant for federal relief could still get the relief he seeks in the state system." *O'Sullivan*, 526 U.S. at 851 (quoting *Engle v. Isaac*, 456 U.S. 107, 125-126 (1982). As indicated previously, at the time Petitioner initially raised his *Brady* claim in a petition for writ of *error coram nobis*, he did not have possession of the videotape. This was the sole basis for the Arkansas Supreme Court's denial of his petition:

> Because petitioner cannot show, at this time, that any exculpatory evidence was suppressed, he can not make the required showing that his claim is meritorious. Until petitioner can point to specific exculpatory evidence in the videotape, petitioner cannot make a showing as to how the disclosure of any evidence could have prevented rendition of the judgment of conviction.

*Buckl*ey, 2007 WL 2955980 at *894.

In deciding if Petitioner must return to state court and reassert his *Brady* claim, this Court must resolve two issues: (1) did Petitioner raise both the factual and legal bases for his claim in state court; and (2) can Petitioner still get the relief he seeks in state court. Petitioner's pending motion claims that the disclosure of the videotape has provided him several *new Brady arguments* that were *not* available to him when he filed his first *coram nobis* petition with the Arkansas Supreme Court. Importantly, there is no specific time limit for filing a *coram nobis* petition, and such a petition is deemed to be timely as long as it is brought with "due diligence." *Echols v. State*, 360 Ark. 332, 201 S.W.3d 890, 894 (2004). Furthermore, a *Brady* claim is one of the few errors that can be raised in a *coram nobis* proceedings. *See, Id.* at 338, 201 S.W.3d at 894 (a writ of *error coram nobis* is available to address four categories of errors: (1) insanity at the time of trial, (2) a coerced guilty please, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal).

Petitioner has now had the opportunity to review the videotape and he believes it contains new evidence that strongly supports his *Brady* claim. This is precisely the kind of error that a *coram nobis* proceeding is designed to correct and Petitioner concedes that he has never given the state courts an opportunity to consider and resolve his *Brady* claim. Under these circumstances, the Court concludes that Petitioner should be required to return to state court and exhaust his *Brady* claim before it can properly be considered by this Court.

B.     *The Federal habeas action should be held in abeyance and not dismissed.*

Petitioner's habeas petition asserts twelve claims, only one of which is unexhausted. Filing a federal habeas petition with both exhausted and unexhausted claims, or a "mixed petition," ordinarily results in the entire petition being dismissed, without prejudice. *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982). However, Petitioner argues that, if his federal habeas petition is dismissed, he could run afoul of the one year statute of limitations for filing his federal habeas claims. Additionally, if he is required to re-file this action, it would allow Respondent to argue that his petition should be characterized as 'successive' and barred. Accordingly, if he is required to return to state court to exhaust his *Brady* claim, Petitioner requests the Court to hold this action in abeyance.

The United States Supreme Court has recognized that a petitioner may risk losing the right to federal habeas review when a mixed petition is dismissed, due to unexhausted claims, and the one-year statute of limitations has run at the time the mixed petition is dismissed . *Rhines v. Weber*, 544 U.S. 269 (2005). To avoid this risk, the Supreme Court has recognized that district courts should have limited discretion to hold mixed petitions in abeyance in order to permit the petitioner to return to state court to complete exhaustion of all his claims. *Id.* at 227.

To determine whether a stay pending exhaustion is appropriate, a petitioner must be given an opportunity to show that: (1) good cause exists for his failure to exhaust his claim in state court; (2) his unexhausted claim is not meritless; and (3) he has not engaged in abusive litigation tactics or intentional delay. *Id.* at 278. Finally, if a petitioner makes the required showing, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.*

In this case, Petitioner clearly has satisfied all three of the *Rhines* requirements. Thus, the Court concludes that a stay pending exhaustion is appropriate. Within thirty (30) days of a final decision by the Arkansas Supreme Court on Petitioner's petition for writ of *error coram nobis*, Petitioner should be required to request this Court to lift the stay so that this action can proceed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The Court GRANTS Petitioner's Motion for Leave to Supplement his Federal Habeas Petition (docket entry #16) to the extent that he is allowed to supplement his § 2254 petition to include arguments related to the newly discovered videotape, but DENIES, at this time, all other requests for relief set forth in the Motion;

2. The unexhausted *Brady* claim should be and hereby is DISMISSED;

3. This action should be and hereby is STAYED on two conditions:

(a) Petitioner must affirmatively seek relief on his unexhausted claim with the Arkansas Supreme within thirty (30) days of the date of this Order; and

(b) Within thirty (30) days of a final decision by the Arkansas Supreme Court on Petitioner's petition for a writ of *error coram nobis*, Petitioner must request this Court to lift the stay so that this action can proceed.

Dated this 7th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE