**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

GYRONNE BUCKLEY                                                                                   PETITIONER
ADC #115479

v.                                              No. 5:08CV00157 JLH/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                    RESPONDENT

## MEMORANDUM ORDER

On May 28, 2008, Petitioner, Gyronne Buckley ("Buckley"), filed this § 2254 habeas action attacking his 1999 conviction, in Clark County Circuit Court, for delivery of a controlled substance. (Docket entry #2). Among other things, Buckley argued that the prosecution failed to disclose to him exculpatory or impeachment information in violation of the Court's holding in *Brady v. Maryland*, 737 U.S. 83 (1963).

On February 19, 2009, the Court granted Buckley's Motion requesting the production of a videotaped statement taken from the confidential informant who was the key prosecution witness.[1] (Docket entry #15). After obtaining a copy of the videotape, Buckley sought to supplement his habeas Petition with information obtained from it.

On February 1, 2010, the Court entered an Order staying this action, so that Buckley could pursue his unexhausted *Brady* claim in an error coram nobis proceeding in state court.[2] Buckley then

---

[1] For a number of years, Buckley had unsuccessfully sought to have this videotaped statement produced in various state postconviction proceedings.

[2] Although Buckley first learned of the existence of the videotape in his Rule 37 hearing, he was unsuccessful in his attempts to obtain the videotape in the state postconviction proceedings.
Prior to filing this § 2254 habeas action, Buckley requested permission from the Arkansas Supreme Court to proceed with a Writ of Error Coram Nobis based on the acknowledged existence of the videotape. The Court denied Buckley's request: "Because petitioner cannot show, at this time, that any exculpatory evidence was suppressed, he cannot make the required showing that his claim is meritorious. Until petitioner can point to specific exculpatory evidence in the videotape, petitioner

filed a Petition in the Arkansas Supreme Court which again requested permission to proceed with a Writ of Error Coram Nobis in the trial court. On April 11, 2010, the Arkansas Supreme Court granted Buckley's Petition. *Buckley v. State*, 2010 Ark. 154, 2010 WL 1255763 (Ark. Apr. 1, 2010) (unpublished *per curiam*).

On April 12, 2010, Buckley filed a Petition for a Writ of Error Coram Nobis in Clark County Circuit Court. (Docket entry #28 at ¶5). On November 1, 2010, Clark County Circuit Judge Robert McCallum entered a stipulated Order granting Buckley coram nobis relief. (Docket entry #28 at 6-7). The November 1, 2010 Order: (1) vacated Buckley's convictions; (2) restored the underlying criminal case to the active trial docket; and (3) ordered Buckley's release from the ADC.

On November 8, 2010, Buckley filed a Motion to Lift Stay and Dismiss Federal Habeas Petition. (Docket entry #28). Having prevailed on his state coram nobis claim, he requests this Court to lift the stay and to dismiss this habeas action. The Court will grant this Motion.

Buckley, who is represented by Mr. J. Thomas Sullivan, has also filed a Motion requesting that Mr. Sullivan be retroactively appointed and compensated pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.[3] (Docket entry #27).

Pursuant to the Eastern District of Arkansas Criminal Justice Act Plan ("CJA Plan"), the Court has the discretion to appoint counsel for a § 2254 habeas petitioner "if the interests of justice so require." CJA Plan III(C)(2). Similarly, the Court may appoint a lawyer who is not a member

---

cannot make a showing as to how the disclosure of any evidence could have prevented rendition of the judgment of conviction. We cannot say that he has as yet stated facts so as to justify reinvesting jurisdiction in the trial court to consider a petition for writ of error coram nobis on this claim." *Buckley v. State*, 2007 WL 2955980 (Ark. Oct. 11, 2007) (unpublished per curiam).

[3] At the inception of this action, the Court granted Buckley's request to proceed *in forma pauperis*. (Docket entry #4). At that time, Mr. Sullivan appears to have been representing Buckley on a *pro bono* basis.

of the CJA panel, if it "is in the interest of justice, judicial economy, or continuity of representation, or [if] there is some other compelling circumstance[.]" CJA Plan III(E)(3). The "appointment may be made retroactive to include any representation furnished pursuant to the plan prior to appointment." *See* 18 U.S.C. § 3006A(b) (emphasis added). *See also Martinez v. Evans*, 2007 WL 2438332 (N.D.Cal. Aug. 23, 2007) (authorizing nunc pro tunc CJA appointment for a § 2554 habeas petitioner) (unpublished decision); *Insixiegnmy v. Kirkpatrick*, 2000 WL 33710837 (D. Utah Sep. 21, 2000) (authorizing nunc pro tunc CJA appointment in a § 2241 habeas action) (unpublished decision). The Court concludes that it is in the interests of justice to appoint Mr. Sullivan retroactive to May 28, 2008, the filing date of the habeas Petition.[4]

Finally, the Court notes that Mr. Sullivan also requests compensation for the time he spent in state court successfully pursuing his *Brady* claim to exhaustion. The Court will defer ruling on this issue until Mr. Sullivan submits a timely and properly completed Application for compensation in compliance with the CJA Plan.

IT IS THEREFORE ORDERED THAT:

1. Petitioner's Motion for Retroactive Appointment of Counsel (docket entry #27) and Motion to Lift Stay and Dismiss (docket entry #28) are GRANTED.

2. The Clerk of the Court is directed to lift the stay and dismiss this case.

Dated this 16th day of November, 2010.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE

---

[4] The Court separately will enter a CJA Form 20 appointing Mr. Sullivan *nunc pro tunc*.